UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS MUNOZ,

    Plaintiff,

v.                                                    CASE NO.: 8:11-cv-381-T-23EAJ

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

On January 18, 2011, the plaintiff sued Geovera Specialty Insurance Company in state court for breach of contract.  The complaint (Doc. 2) alleges that the defendant refuses to pay benefits under a sinkhole insurance policy.  The complaint (Doc. 2) alleges that the amount in controversy exceeds fifteen thousand dollars and that the defendant owes the plaintiff "the full cost of repairs for the damage to his property." Additionally, the complaint seeks attorney's fees pursuant to Section 627.428, Florida Statutes, and costs.

"[E]ven in the absence of a challenge from any party," a determination is required as to "whether subject-matter jurisdiction exists" before a review of the merits of a case. Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006).  The issue of subject-matter jurisdiction may be raised sua sponte "at any stage in the litigation."  Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded."). The removing defendant bears the burden of establishing facts supporting federal

jurisdiction.  See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005).

Under 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction.  If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.00.  Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

In this instance, the defendant provides a conclusory allegation that the amount in controversy exceeds the jurisdictional amount and states that the policy limit is $120,000.00.  (Doc. 1, ¶ 4)  Additionally, the defendant asserts that paragraphs eighteen and nineteen of the complaint "allege[] that . . . his home is not repairable." However, paragraphs eighteen and nineteen contain no allegation that the home is not repairable.  Rather, each paragraph alleges that "if the property is not repairable," the defendant must pay the property's replacement value (which is unidentified and unknown).  Neither the nature of the claim nor the policy limit "establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit."  Employers Mut. Cas. Co. v. Parking Towing Co., Inc., 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007).  The defendant alleges no fact showing

that the plaintiff's claim (even including potential attorney's fees, as to which the defendant provides no specific allegation or evidence*) exceeds the jurisdictional amount. Instead, the defendant invites impermissible speculation.

Accordingly, this action must be remanded because the removing documents fail to establish a basis for federal jurisdiction. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on May 6, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. § 627.428(1) (providing that fees shall be awarded if there is a judgment "against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer."). But see Jackson v. Am. Gen. Fin. Servs., Inc., 2006 WL 997614, at *2 (M.D. Ga. Apr. 17, 2006) ("[T]he allegation of attorney's fees must be specific in order for a defendant to meet the burden of proof upon removal."); Wisely v. Allstate Ins. Co., 2006 WL 2189125, at *2 (M.D. Fla. Aug. 1, 2006) (declining to consider attorney's fees in determining the amount in controversy because the defendant failed to "put forth any evidence from which a specific amount of attorneys' fees can be ascertained. Therefore, if the Court were to consider Plaintiff's demand for attorneys' fees in calculating the amount in controversy, the amount assigned to Plaintiff's demand for attorneys' fees would be based on pure speculation, since the Court has no way of determining the amount of attorneys' fees."); Wheeler v. Allstate Floridian Indemn. Co., 2006 WL 1133249, at *2 n.13 (N.D. Fla. Apr. 26, 2006).